1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDDIE LAMAR DUNBAR,

Plaintiff,

v.

JUDGE KEVIN MURPHY;
MALISHA JONES;

Defendants.

No. C 19-7830 WHA (PR)

**ORDER OF DISMISSAL**

**INTRODUCTION**

Plaintiff, an inmate at the Alameda County Jail, filed this pro se civil rights case under

42 U.S.C. § 1983 against the judge and prosecutor involved in his pending criminal proceedings

in state court. He requests monetary compensation and to have his charges dismissed. He is

granted leave to proceed in forma pauperis in a separate order. For the reasons discussed

below, the complaint is dismissed.

**ANALYSIS**

**A.     STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro

se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2    claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

3    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

4    upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

5    Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

6    plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

7    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

8    do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

9    level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

10   complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

11   at 1974.

12   To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:

13   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

14   that the alleged deprivation was committed by a person acting under the color of state law.

15   *West v. Atkins*, 487 U.S. 42, 48 (1988).

16   **B.    LEGAL CLAIMS**

17   Plaintiff claims that defendants denied him counsel, falsified evidence, concealed

18   exculpatory evidence, coerced jurors, engaged in malicious prosecution, and committed other

19   violations of his rights in the course of his prosecution for criminal charges.  He is currently in

20   custody on those charges.  He seeks to have the charges dismissed, money damages, and to have

21   criminal charges filed against the defendants.

22   His claims for damages are barred.  In order to recover damages for an allegedly

23   unconstitutional conviction or imprisonment, or for other harm caused by actions whose

24   unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the

25   conviction or sentence has been reversed on direct appeal, expunged by executive order,

26   declared invalid by a state tribunal authorized to make such determination, or called into

27   question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S.

28

2

477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section. *Id.* at 487. Plaintiff's claims for violations of his constitutional rights at trial and in the course of his prosecution, if successful, would necessarily imply that his conviction was not valid. Consequently, this claim is barred by *Heck*.

Plaintiff may not obtain dismissal of charges against him. Habeas is the exclusive remedy for the prisoner who seeks immediate or speedier release from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011). The only federal remedy for challenging the validity of his state court conviction is a habeas petition under 28 U.S.C. § 2254. Therefore, to defeat the charges against him, plaintiff must file a federal habeas petition, but only after completing all state court appeals,

Plaintiff's request to have the defendants criminally charges is beyond the purview of the courts. That decision is within the sole discretion of a prosecutor, to whom plaintiff should direct any such request.

### CONCLUSION

For the reasons set out above, this case is **DISMISSED** for failure to state a cognizable claim for relief. This dismissal is without prejudice to plaintiff re-filing his damages claims if his conviction is ever expunged, reversed, invalidated, or otherwise called into question. He may also seek to overturn his conviction or sentence by filing a habeas petition in federal court, but only after exhausting all of his available state court appeals.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December ___9___, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE